UNITED STATES of America, Appellee,

v.

Allen GAINES, Appellant.

No. 04–1589.

United States Court of Appeals, Eighth Circuit.

Submitted: July 23, 2004.

Decided: Aug. 3, 2004.

Lester Alan Paff, U.S. Attorney's Office, Des Moines, IA, for Plaintiff–Appellee.

John P. Messina, Federal Public Defender's Office, Des Moines, IA, for Defendant–Appellant.

Allen Gaines, Pekin, IL, pro se.

Before MURPHY, FAGG, and SMITH, Circuit Judges.

PER CURIAM.

In this appeal following revocation of his supervised release, Allen Gaines seeks reversal on the basis that the district court[1] denied him his right of allocution.

Having carefully reviewed the record, we conclude that Gaines's right of allocution was satisfied. See Fed.R.Crim.P. 32(i)(4); United States v. Patterson, 128 F.3d 1259, 1260–61 (8th Cir.1997) (per curiam) (right of allocution applies to supervised-release-revocation hearing). Gaines testified at the hearing before sentencing,

1. The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

at which time he made his views known regarding the alleged violations, the progress he had made on supervision, and his desire to be continued on supervised release without modification. *See United States v. Kaniss*, 150 F.3d 967, 969 (8th Cir.1998); *United States v. Iversen*, 90 F.3d 1340, 1345–46 (8th Cir.1996) (defendant was effectively granted allocution, even though court did not ask her if she had anything to add regarding sentencing, where she testified on her own behalf such that her views regarding sentencing were known and it was clear that she knew she had right to speak on any subject prior to sentencing and availed herself of that right).

Accordingly, we affirm.